United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11417
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DONALD STEPHEN ROREX,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-49-ALL-C
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

        Donald Stephen Rorex appeals his sentence following his

guilty-plea conviction of false representation of a social

security number.  Rorex argues that he should be granted credit

for the period of time that he was incarcerated under an April

26, 2004, federal detainer because he was in state custody on

state charges at that time.

        The Government has filed a motion for summary affirmance.

The Government argues that this court lacks jurisdiction over

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this appeal because it does not fall within the ambit of 18 U.S.C. § 3742(a).  However, the Government argues that the district court's judgment should be summarily affirmed because the district court lacked authority to order that Rorex be given credit for time served.

It is well-established that district courts may not directly award credit against federal sentences for time spent in official detention.  See United States v. Wilson, 503 U.S. 329, 333-37 (1992); 18 U.S.C. § 3585(b).  Thus, the district court did not err by refusing to award Rorex credit for time served in state confinement because the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.  See Wilson, 503 U.S. at 331-32, 334. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.